IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **Luminati Networks Ltd.,**<br><br>Plaintiff,<br><br>v.<br><br>**UAB Tesonet and UAB Metacluster LT,**<br><br>Defendants. | Civil Action No.<br>2:18-cv-00299-JRG |

**UAB METACLUSTER LT'S MOTION TO DISMISS
FOR INSUFFICIENT PROCESS, INSUFFICIENT SERVICE
OF PROCESS, AND LACK OF PERSONAL JURISDICTION**

Defendant UAB Metacluster LT ("Metacluster") files this Motion to Dismiss for Insufficient Process, Insufficient Service of Process, and Lack of Personal Jurisdiction,[1] and respectfully shows as follows:

1. Statement of the Issue: Whether the Court should dismiss Luminati's Second Amended Complaint as to Metacluster due to insufficient process, insufficient service of process, and lack of personal jurisdiction.

2. On July 23, 2019, the Court granted (in relevant part) Plaintiff Luminati Networks Ltd.'s ("Luminati") Opposed Motion for Leave to Amend Complaint to Add Metacluster as a Party (the "Motion for Leave"). *See* Order, ECF No. 92. Although both Luminati and Defendant UAB

---

[1] Metacluster understands and appreciates that the Court has found that Metacluster has been effectively served and, as such, has already addressed the issue presented in this Motion. *See* Order, ECF No. 92 at 2. Metacluster respectfully files this Motion (i) because no party previously briefed the service issue and (ii) to preserve any error with the Court's finding. Per the Court's Order, Metacluster is answering the Second Amended Complaint today (subject to this Motion).

Teso LT ("Teso") contemplated that, if the Court granted leave to add Metacluster as a party, Luminati would serve Metacluster (a foreign entity) via the Hague Convention,[2] the Court found that service of the complaint on the original Defendant UAB Tesonet ("Tesonet") constituted effective service on Metacluster as of and from the date that Metacluster was subsequently created. *Id.* at 2. As such, the Court found that separate, additional service was not required as to Metacluster in this case, and ordered Metacluster to answer the Second Amended Complaint within seven days (i.e., on or before July 30, 2019). *Id.*

3. It is Luminati's burden to establish the validity of service of process. *See, e.g.*, *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992) ("once the validity of service of process has been contested, the plaintiff bears the burden of establishing its validity"); *Coleman v. Bank of New York Mellon*, 969 F. Supp. 2d 736, 744 (N.D. Tex. 2013) ("The plaintiff bears the burden of proof regarding sufficiency of the process.").

4. To date, Luminati has not served Metacluster with the complaint (whether the Second Amended Complaint, or any earlier complaint) or a summons. *See* Declaration of Julius Černiauskas, ¶ 6.

5. Metacluster, an entity organized under the laws of Lithuania, is a separate entity from Tesonet and Teso. *See* Černiauskas Decl., ¶¶ 2, 5; *Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 338 (5th Cir. 1999) (discussing "presumption of corporate separateness"); *Ericsson Inc. v. D-Link Corp.*, 10-CV-473, 2013 WL 12044890, at *4 (E.D. Tex. June 20, 2013) ("It is bedrock corporate law that separate corporate entities are presumed separate[.]"). Accordingly, to

---

[2] *See* ECF No. 74-3, Luminati's Proposed Second Am. Compl., ¶ 3 ("Metacluster may be served pursuant to the provisions of the Hague Service Convention"); ECF No. 89, Luminati's Second Am. Compl., ¶ 3 (same); ECF No. 83, Teso's Resp. Br. at 4 (estimating when service through the Hague Convention would occur as to Metacluster, if the Court granted leave to amend).

properly join Metacluster as a defendant in this case, Luminati must serve Metacluster with the Second Amended Complaint and summons. *See* Fed. R. Civ. P. 4(b) (summons "must be issued for each defendant to be served"), 4(c)(1) ("A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served[.]"), 4(h) (specifying required procedures when serving a foreign corporation).[3]

6. When Luminati served Teso with the original Complaint (on October 1, 2018), *see* Ex. B (agreeing to service date of October 1, 2018), Metacluster did not exist, *see* Ex. A (Metacluster's November 15, 2018 Articles of Association). Accordingly, service could not have been effectuated on Metacluster via the service of the original Complaint. And, prior to the Second Amended Complaint, which Luminati has never served on Metacluster, none of Luminati's prior complaints alleged any claims against Metacluster. ECF No. 1, Compl. for Patent Infringement; ECF No. 15, Am. Compl. for Patent Infringement. Given this, the service of Luminati's prior complaints did not and could not constitute service on Metacluster, as Metacluster was not a named defendant with respect to such complaints.

7. Luminati must serve the Second Amended Complaint separately on Metacluster even assuming that Metacluster is a successor-in-interest with respect to an accused instrumentality. *See, e.g.*, *Paulsen v. Abbott Labs.*, 15-CV-4144, 2018 WL 1508532, at *7 (N.D. Ill. Mar. 27, 2018) ("Plaintiff does maintain that she effectively served TAP, arguing that Plaintiff's proper service on TPNA gives effect to service on TAP, because TAP dissolved into TPNA. *But Plaintiff*

---

[3] *See also McMasters v. United States*, 260 F.3d 814, 817 (7th Cir. 2001) ("[N]othing in the Federal Rules of Civil Procedure allows a judge to excuse service altogether. Actual notice to the defendant is insufficient; the plaintiff must comply with the directives of Rule 4."); *Raeth v. Bank One*, 05-CV-02644, 2008 WL 410596, at *3 (D. Colo. Feb. 13, 2008) ("Generally, service on a parent, subsidiary, cosubsidiary, or affiliate of a corporate defendant is not service on the defendant[.]") (citing and quoting Am. Jur. 2d § 255 (2007)).

*cannot effectively serve one corporation by serving a completely different corporation.*") (record citation omitted) (emphasis added); *Zest IP Holdings, LLC v. Implant Direct Mfg., LLC*, 10-CV-0541, 2013 WL 12064538, at *2 (S.D. Cal. Jan. 23, 2013) (denying plaintiff's motion to join successor entity as party to pending litigation due to "Plaintiff's failure to properly serve [the successor entity] as required by Rule 25"; "[a]s [the successor entity] is a nonparty, Plaintiff must provide service of process according to Rule 4, which requires summons to be served with a complaint"; "*the Court finds that service of process on Defendant Implant Direct [the original defendant] is insufficient to satisfy service upon IDSI [the successor entity]*") (emphasis added); *L&M Const. Chemicals v. Dayton Sure-Grip & Shore Co.*, 445 F. Supp. 280, 281-282 (D. Neb. 1978) (dismissing defendant from case after rejecting successor-in-interest jurisdictional theory because defendant had not "waived its right to object to service of process" on jurisdictional grounds).

8. The Hague Convention also requires Luminati to serve Metacluster, a foreign entity organized under the laws of Lithuania, via the procedures set forth in the Hague Service Convention.[4] *See, e.g.*, Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, *available at* https://www.hcch.net/en/instruments/conventions/fulltext/?cid=17 (Article 3 stating, "The authority or judicial officer competent under the law of the State in which the documents originate shall forward to the Central Authority of the State addressed a request conforming to the model annexed to the present Convention[.]").

9. Further, to the extent a relevant interest (e.g., one of the accused instrumentalities in this case) was transferred to Metacluster such that Metacluster should be joined as a party,

---

[4] Lithuania and the United States are contracting parties to the Hague Service Convention. *See* https://www.hcch.net/en/states/hcch-members/details1/?sid=50 (listing Lithuania as contracting party); https://www.hcch.net/en/states/hcch-members/details1/?sid=76 (listing United States as contracting party).

Federal Rule of Civil Procedure 25(c) required Luminati to serve its Motion for Leave on Metacluster "as provided in Rule 4." *See* Fed. R. Civ. P. 25(c), 25(a)(3), 4. But Luminati did not serve its Motion for Leave on Metacluster. *See* Černiauskas Decl., ¶ 7.

10. For these reasons, the Court should grant this Motion and dismiss Luminati's Second Amended Complaint as to Metacluster for insufficient process and/or insufficient service of process under Rule 12(b)(4)-(5).[5]

11. Finally, because Luminati has not served Metacluster with any complaint or summons, the Court should also dismiss this case as to Metacluster for lack of personal jurisdiction. *See, e.g.*, *Omni Capital Intern., Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."); *Maiz v. Virani*, 311 F.3d 334, 340 (5th Cir. 2002) (same); *Nuance Communications, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1236 (Fed. Cir. 2010) (same).

---

[5] "The difference between Rule 12(b)(4) and 12(b)(5) is not always clear. Objections under Rule 12(b)(4) concern the form of process rather than the manner or method of its service. A Rule 12(b)(4) motion challenges noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of a summons. A Rule 12(b)(5) motion, on the other hand, challenges the method of service—or lack thereof—of the summons and complaint." *Lau v. Fernandez*, 16-CV-00042, 2017 WL 758488, at *2 (D. Guam Feb. 27, 2017) (citations omitted); *see also Gartin v. Par Pharm. Companies, Inc.*, 289 Fed. App'x 688, 692 n.3 (5th Cir. 2008); *Campbell v. Rutherford County*, 17-CV-00797, 2018 WL 4030568, at *3 (M.D. Tenn. Aug. 23, 2018). Because Luminati has not attempted to serve any process (i.e., there was neither a form of process nor a method of service), Metacluster believes that moving to dismiss under Rule 12(b)(4) and Rule 12(b)(5) is appropriate.

Dated: July 30, 2019

Respectfully submitted,

*[signature]*

MICHAEL C. SMITH
  Texas State Bar No. 18650410
  michaelsmith@siebman.com
**SIEBMAN, FORREST,**
**BURG & SMITH LLP**
113 East Austin Street
Marshall, Texas 75671
Telephone: (903) 938-8900
Telecopier: (972) 767-4620

STEVEN CALLAHAN
  Texas State Bar No. 24053122
  scallahan@ccrglaw.com
CRAIG TOLLIVER
  Texas State Bar No. 24028049
  ctolliver@ccrglaw.com
C. LUKE NELSON
  Texas State Bar No. 24051107
  lnelson@ccrglaw.com
GEORGE T. "JORDE" SCOTT
  Texas State Bar No. 24061276
  jscott@ccrglaw.com
**CHARHON CALLAHAN**
**ROBSON & GARZA, PLLC**
3333 Lee Parkway, Suite 460
Dallas, Texas 75219
Telephone: (214) 521-6400
Telecopier: (214) 764-8392

*Counsel for Defendant UAB Metacluster LT*

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

The undersigned certifies that Exhibit A to the foregoing document was filed pursuant to this Case's Protective Order and Local Rule CV-5(7).

_____
STEVEN CALLAHAN

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on July 30, 2019. As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A).

_____
STEVEN CALLAHAN