**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| LUMINATI NETWORKS LTD. | |
| Plaintiff, | |
| v. | Case No.  2:18-cv-00299-JRG |
| UAB TESONET and UAB METACLUSTER LT, | JURY TRIAL DEMANDED |
| Defendants. | |

**PLAINTIFF'S 12(b)(6) MOTION TO DISMISS**
**COUNTERCLAIMS OF FALSE ADVERTISING**

## TABLE OF CONTENTS

I.   **LEGAL STANDARD FOR 12(b)(6) MOTIONS TO DISMISS AND THE *NOERR-PENNINGTON* DOCTRINE** ............................................................... **1**

    a.   Dismissal of Complaint for Failure to State a Claim under Fed. R. Civ. Pro. 12(b)(6). ..... 1

    b.   The *Noerr-Pennington* Doctrine Provides Immunity and Is A Basis for 12(b)(6) Dismissal of Claims. ........................................................................................................... 2

II.  **ARGUMENT** ....................................................................................................... **3**

    a.   Teso does not plead facts sufficient to infer that the plaintiff's right to relief is plausible . 3

    b.   The *Noerr-Pennington* Doctrine protects Luminati from Teso's false advertising claims . 6

III. **CONCLUSION** ................................................................................................... **7**

Plaintiff Luminati Networks Ltd. ("Plaintiff" or "Luminati") files this Fed. R. Civ. P. 12(b)(6) motion to dismiss Defendant UAB Teso LT's ("Teso") third counterclaim for false advertising (Counterclaims, Doc. 108).  Defendant cannot assert that Plaintiff's Second Amended Complaint (Complaint, Doc. 89) gives rise to a false advertising claim.  First, Luminati cannot be held liable for false advertising based on allegations in the complaint under the *Noerr-Pennington* Doctrine.  Second, Teso has not sufficiently pled a false advertising claim.  A review of Teso's claim for false advertising reveals that it is based exclusively on allegations in a single paragraph that Luminati "has made, and continues to make, improper allegations to Teso's customers, prospective customers, and partnered application developers that they are infringing at least the '044 and the '866 patents by using the OxyLabs products and/or SDK." (Counterclaims, ¶ 122.) As a matter of law, merely alleging infringement cannot constitute false advertising. Accordingly, Plaintiff requests dismissal of Teso's false advertising counterclaim under Fed. R. Civ. P. 12(b)(6).

## I.     LEGAL STANDARD FOR 12(b)(6) MOTIONS TO DISMISS AND THE *NOERR-PENNINGTON* DOCTRINE

### a.   Dismissal of Complaint for Failure to State a Claim under Fed. R. Civ. Pro. 12(b)(6).

Rule 12(b)(6) provides for dismissal for failure "to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6).. Motions to dismiss for failure to state a claim are governed by regional circuit law.  *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1376 (Fed. Cir. 2017). In this circuit, to avoid dismissal pleadings must show specific, well-pleaded facts, not merely conclusory allegations. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).  A legal claim that lacks "facial plausibility" must be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

In addition, dismissal is appropriate under Rule 12(b)(6) "when a successful affirmative defense appears on the face of the pleadings." *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 726 (5th Cir. 2013) (quoting *Kansa Reins. Co. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994) (citation omitted)); *see also Indus. Models v. SNF, Inc.*, No. 4:15-CV-689-A, 2015 U.S. Dist. LEXIS 127296, at \*5-7 (N.D. Tex Sep. 23, 2015) (dismissing antitrust claims under *Noerr-Pennington* Doctrine, finding Plaintiff's sham litigation allegations to be conclusory).

### b. The *Noerr-Pennington* Doctrine Provides Immunity and Is A Basis for 12(b)(6) Dismissal of Claims.

A court may properly dismiss an action under Rule 12(b)(6) if "it is apparent from the face of plaintiff's complaint that defendants are entitled to *Noerr-Pennington* immunity." *Love Terminal Partners, L.P. v. City of Dallas, Tex.*, 527 F.Supp.2d 538, 549-50 (N.D. Tex. 2007).  The *Noerr-Pennington* "doctrine allows individuals or businesses to petition the government, free of the threat of antitrust liability, for action that may have anticompetitive consequences" even if the petition was motivated by anticompetitive intent. *Greenwood Utils. Comm'n v. Miss. Power Co.*, 751 F.2d 1484, 1497 (5th Cir. 1985); *Video Int'l Prod., Inc. v. Warner-Amex Cable Commc'ns, Inc.*, 858 F.2d 1075, 1082 (5th Cir. 1988).   This immunity is grounded both in the First Amendment's guarantee of the right to petition government as well as the proper scope of the antitrust laws. *See City of Columbia v. Omni Outdoor Adver., Inc.*, 499 U.S. 365, 379 (1991)..

**The Doctrine extends to publication and threats to litigate, such as cease-and-desist letters, even though such actions do not entail petitioning the government**. *Coastal States Mktg., Inc. v. Hunt*, 694 F.2d 1358, 1367 (5th Cir. 1983); *Select Comfort Corp. v. Sleep Better Store, LLC*, 838 F.Supp.2d 889, 896-900 (D. Minn. 2012) ("[T]he *Noerr-Pennington* doctrine immunizes pre-suit demand letters …"). The Fifth Circuit has explained:

2

> Given that petitioning immunity protects joint litigation, it would be absurd to hold that [the *Noerr-Pennington* Doctrine] does not protect those acts reasonably and normally attendant upon effective litigation. The litigator should not be protected only when he strikes without warning. If litigation is in good faith, a token of that sincerity is a warning that it will be commenced and a possible effort to compromise the dispute.

*Coastal States Mktg., Inc.*, 694 F.2d at 1367; *see also Select Comfort Corp.*, 838 F.Supp.2d at 896-900 ("[b]ecause the right to petition means more than simply the right to communicate directly with the government, protection under the doctrine necessarily includes those activities reasonably and normally attendant to effective petitioning."); *In re IBP Confidential Bus. Documents Litigation*, 755 F.2d 1300, 1310 (8th Cir. 1985) ("[t]he right to petition means more than simply the right to communicate directly with the government. It necessarily includes those activities reasonably and normally attendant to effective petitioning.").

Although the *Noerr-Pennington* Doctrine initially arose in the antitrust field, it also "protect[s] first amendment petitioning of the government from claims brought under federal and state laws …." *Video Int'l Prod., Inc.*, 858 F.2d at 1084. For example, the Doctrine extends to tortious interference claims, and efforts to protect intellectual property rights such as claims for false advertising and misappropriation of trade secrets. *See Id.* at 1084-85; *Select Comfort Corp.*, 838 F.Supp.2d at 896; *GoForIt Entm't, LLC v. DigiMedia.com L.P.*, 750 F.Supp.2d 712, 742 (N.D. Tex. 2010); *Sliding Door Co. v. KLS Doors*, No. EDCV 13-00196 JGB (DTBx), 2013 U.S. Dist. LEXIS 71304, at *17-20 (C.D. Cal. May 1, 2013) (dismissing claims for false advertising under the *Noerr-Pennington* Doctrine); *and RPC, Inc. v. Prudhomme*, No. 6:06-cv-152, 2007 U.S. Dist. LEXIS 3946, at * 12 (E.D. Tex. Jan. 19, 2007) (finding *Noerr-Pennington* Doctrine to apply in suit involving claims of trade secret misappropriation).

## II.    ARGUMENT

### a.    Teso does not plead facts sufficient to infer that the plaintiff's right to relief is plausible

The elements of a Lanham Act false advertising claim are: "(1) a false or misleading statement of fact about a product; (2) such statement either deceived, or had the capacity to deceive a substantial segment of potential consumers; (3) the deception is material, in that it is likely to influence the consumer's purchasing decision; (4) the product is in interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the statement at issue." *Tinnus Enters., LLC v. Telebrands Corp.*, No. 6:17-CV-00170-RWS, 2018 U.S. Dist. LEXIS 79068, at *30 (E.D. Tex. Mar. 9, 2018) (citing *Pizza Hut Inc. v. Papa John's Int'l Inc.*, 227 F.3d 489, 495 (5th Cir. 2000)). "The failure to prove the existence of any element of the prima facie case is fatal to the plaintiff's claim." *Pizza Hut, Inc*, 227 F.3d at 495.

Teso's counterclaim of false advertising falls short of meeting its pleading requirements, at least because its allegations fail to identify a single "false or misleading statement," and thus fails to provide sufficient factual support to support a plausible right to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'")[1]. Teso has failed to allege facts that could constitute false or misleading statements.

Teso's false advertising counterclaim appears at paragraphs 121-128 of its Answer and Counterclaims to Second Amended Complaint for Patent Infringement (Doc. 108). Of these numbered paragraphs, **only one**—paragraph 122—contains any factual allegations of alleged statements about a product. That paragraph is reproduced here in its entirety:

> 122. Teso asserts that Luminati has engaged in false advertising against Teso, under 15 U.S.C. § 1125(a), by making false advertisements to Teso's customers, potential customers, and partnered application developers that Teso's OxyLabs product are

---

[1] Teso's citation in its counterclaim to *Lexmark Int'l., Inc. v. Static Control Components Inc.*, 572 U.S. 118, 138 (2014) is misplaced. The *Lexmark* "Court did not substantively address the Lanham Act Claim at all." It discussed standing, which is not an issue here. *See Digital Ally Inc., v. Util. Assocs.*, 2017 U.S. Dist. LEXIS 49893, *54 (D. Kan. March 30, 2017).

illegal to use and that it is illegal to sell products using OxyLabs software data kits ("SDK"). Through these false advertisements, Luminati has materially misrepresented the nature, characteristics, and qualities of its own products and Teso's OxyLabs products using OxyLabs SDK. For example, Luminati has made, and continues to make, improper allegations to Teso's customers, prospective customers, and partnered application developers that they are infringing at least the '044 and the '866 patents by using the OxyLabs products and/or SDK.

In this paragraph, where Teso alleges that "Luminati has materially misrepresented … its own products," the allegations are entirely devoid of any alleged factual representations at all about Luminati's own products.  Thus, any claim about Luminati misrepresenting its own products is not sufficiently pled to support a claim of false advertising.

Second, Teso's only factual allegations about Teso's products are that Luminati has accused them of patent infringement.  But such an accusation on its own cannot support a claim of false advertising.  *See Digital Ally Inc.,* 2017 U.S. Dist. LEXIS 49893, at *43-44 (holding that false advertising claims failed where claimant had "not shown that statements in defendant's letters were false" when defendant sent letters regarding potential patent infringement).  Luminati has not made false or misleading statements, and Teso has failed to plead any.  Teso's allegation that "Luminati knows, or should know, after a reasonable inquiry and due diligence that these allegations are unfounded, not supported, and wholly improper" fails to suffice as support for the alleged false statements because Luminati has a good faith belief that its allegations are true.  "[F]ederal patent law bars the imposition of liability for publicizing a patent in the marketplace unless the plaintiff can show that the patent holder acted in bad faith." *Zenith Elecs. Corp. v. Exzec, Inc.,* 182 F.3d 1340, 1352 (Fed. Cir. 1999) (quotation omitted).

Teso's allegation that Luminati should know its infringement claims will fail is legally insufficient to support a false advertising claim as a matter of law.  *See Digital Ally,* at *41, citing *Mikohn Gaming Corp. v. Acres Gaming, Inc.*, 165 F.3d 891, 897 (Fed. Cir. 1998)

("communications to possible infringers concerning patent rights is not improper if the patent holder has a good faith belief in the accuracy of the communication."); *Virginia Panel Corp. v. MAC Panel Co.*, 133 F.3d 860, 869 (Fed. Cir. 1997) ("patentee must be allowed to make its rights known to a potential infringer so that the latter can determine whether to cease its allegedly infringing activities, negotiate a license if one is offered, or decide to run the risk of liability and/or the imposition of an injunction."); *Mallinckrodt, Inc. v. Medipart, Inc.*, 976 F.2d 700, 709 (Fed. Cir. 1992) (holding that a patent holder "that has a good faith belief that its patents are being infringed violates no protected right when it so notifies infringers"); *Virtue v. Creamery Package Mfg. Co.*, 227 U.S. 8, 37-38, 33 S. Ct. 202, 57 L. Ed. 393, 1913 Dec. Comm'r Pat. 519 (1913) ("Patents would be of little value if infringers of them could not be notified of the consequences of infringement, or proceeded against in the courts. Such action, considered by itself, cannot be said to be illegal.").

As just one example of the insufficiency of the pleading, Teso would have had to plead facts sufficient to demonstrate that Luminati's patent infringement claims were both objectively and subjectively baseless at the time made, and no such facts are alleged. *See Boydstun Equip. Mfg., Ltd. Liab. Co. v. Cottrell, Inc.,* 2017 U.S. Dist. LEXIS 175659, at *17 (D. Or. Oct. 24, 2017). It is not enough to allege—as Teso has done—a mere conclusion that Luminati's infringement allegations are in bad faith.  Teso must allege specific facts from which such a claim is plausible in accordance with the Supreme Court's requirement under *Iqbal* and *Twombly*.  Teso's allegations are facially insufficient to plead its counterclaim for false advertising.

### b.  The *Noerr-Pennington* Doctrine protects Luminati from Teso's false advertising claims

Additionally, Teso bases its false advertising claims on allegations made in the Complaint in this litigation, and as such Luminati is protected from such a claim under the *Noerr-Pennington*

Doctrine. *Coastal States Mktg., Inc. v. Hunt*, 694 F.2d 1358, 1367 (5th Cir. 1983).  Luminati has a right to file a complaint to enforce its patent rights and protect its intellectual property without risk of being subject to a false advertising claim based upon the allegations in that complaint. *Sliding Door Co. v. KLS Doors*, No. EDCV 13-00196JGB (DTBx), 2013 U.S. Dist. LEXIS 71304, at *17-20 (C.D. Cal.  May 1, 2013) (dismissing claims for false advertising based on post-litigation emails to purchasers and potential purchasers notifying them of the lawsuit as communications related to the litigation and protected under the *Noerr-Pennington* Doctrine).

The communication of allegations from the complaint cannot serve as the basis for a false advertising claim short of pleading sham litigation, and no facts are pled that could support such a finding.  Statements warning others that their acts constitute patent or other intellectual property infringement also are protected by *Noerr-Pennington* immunity, so no false advertising claim can be based on such allegations.  *See Coastal States Mktg., Inc. v. Hunt*, 694 F.2d 1358, 1367 (5th Cir. 1983); *Matsushita Elecs. Corp. v. Loral Corp*., 974 F. Supp. 345, 359 n.28 (S.D.N.Y. 1997)*; West Professional Education Group v. Harcourt Brace Legal and Professional Publications, Inc.*, 1995 U.S. Dist. LEXIS 9793, No. 3-95-176, 1995 WL 422651 (D. Minn. June 2, 1995); *Johnson v. Con-Vey/Keystone, Inc*., 856 F. Supp. 1443 (D. Or. 1994); *Barq's Inc. v. Barq's Beverages, Inc*., 677 F. Supp. 449 (E.D. La. 1987); *Aircapital Cablevision, Inc. v. Starlink Communications Group Inc*., 634 F. Supp. 316 (D. Kan. 1986). Teso has not pled that this is a sham litigation nor specific facts that would make such an allegation plausible.  *See, e.g., Globetrotter Software, Inc. v. Elan Comput. Grp., Inc.,* 362 F.3d 1367, 1375 (Fed. Cir. 2004).  Thus, Teso's claims of false advertising should be dismissed.

## III.   CONCLUSION

Luminati respectfully requests that the Court grant this motion to dismiss Defendant's third counterclaim false advertising.  The Counterclaim fails to plead facts on which a false advertising

claim can be based, and the alleged accusations of infringement as a matter of law cannot as pled

support a claim of false advertising in light of *Noerr-Pennington* immunity.

Dated: August 20, 2019                    Respectfully submitted,

                                          By: */s/ Robert M. Harkins*

                                          S. Calvin Capshaw
                                          State Bar No. 03783900
                                          Elizabeth L. DeRieux
                                          State Bar No. 05770585
                                          Capshaw DeRieux, LLP
                                          114 E. Commerce Ave.
                                          Gladewater, TX 75647
                                          Telephone: 903-845-5770
                                          ccapshaw@capshawlaw.com
                                          ederieux@capshawlaw.com

                                          Amadou Kilkenny Diaw
                                          Ronald Wielkopolski
                                          RuyakCherian LLP
                                          1700 K St. NW, Suite 810
                                          Washington, DC 20006

                                          Korula T. Cherian
                                          Robert Harkins
                                          RuyakCherian LLP
                                          1936 University Ave, Ste. 350
                                          Berkeley, CA  94702

                                          *Attorneys for Plaintiff*
                                          *Luminati Networks Ltd.*