IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| Luminati Networks Ltd.,<br><br>Plaintiff,<br><br>v.<br><br>UAB Tesonet and UAB Metacluster LT,<br><br>Defendants. | Civil Action No.<br>2:18-cv-00299-JRG<br><br>FILED UNDER SEAL |

## MOTION TO MODIFY PROTECTIVE ORDER

Defendants UAB Teso LT and UAB Metacluster LT (collectively, "Defendants") respectfully request that the Court modify the Protective Order to allow Defendants to retain the deposition transcripts of two of Plaintiff Luminati Network Ltd.'s ("Luminati") board members (Edmund Lazarus and Mark Joseph) for use in currently pending lawsuits brought by Luminati against Defendants.

The Court dismissed this case on February 4, 2020. *See* ECF No. 332. The Court's Protective Order requires the return or destruction of all "DESIGNATED MATERIAL" within thirty days after the termination of the case. *See* ECF No. 39, ¶ 22. Messrs. Lazarus' and Joseph's deposition transcripts were designated under the Court's Protective Order as "Restricted—Attorneys' Eyes Only" information.

Luminati has sued Defendants and certain of Defendants' sister entities in the following two pending cases: (i) *Luminati Networks Ltd. v. Teso LT, UAB et al.*, Case No. 2:19-cv-00395-JRG (E.D. Tex.) (filed December 6, 2019); and (ii) *Luminati Networks Ltd.*

1

*v. Code200, UAB et al.*, Case No. 2:19-cv-00396 (E.D. Tex.) (filed on December 6, 2019) (collectively, the "Later Filed Cases").

Luminati and Defendants are parties to the Later Filed Cases, there are overlapping accused products (and presumably allegedly embodying products) in this case and the Later Filed Cases, many documents that the parties produced in this case are relevant to the Later Filed Cases, and the patents-in-suit in the Later Filed Cases share the same named inventors and claim similar technology to the patents-in-suit in this case. Given this, Luminati and Defendants sensibly reached an agreement whereby each party agreed that its "designated material" from this case—including document productions, depositions transcripts, discovery responses, source code, etc.—be deemed produced in the Later Filed Cases.

But Luminati has taken the position that it does not have the authority to agree that its board members' deposition transcripts be deemed produced in the Later Filed Cases—Luminati contends that only Luminati's owner, EMK Capital LLP ("EMK"), has such authority.[1] *See* Ex. A (Feb. 19, 2020 e-mail stating, "[Luminati] do[es] not have the authority to extend the agreement to third party information including EMK confidential information including their deposition transcripts. EMK is now represented by other counsel and we cannot speak on its behalf."). This is so despite Luminati's counsel representing Mark Joseph and Edmund Lazarus at their depositions, and these gentlemen sitting on Luminati's Board of Directors. EMK has advised (via Luminati's counsel) that it will <u>not</u> agree that

---

[1] Messrs. Joseph and Lazarus are the managing partners of EMK, and also control Luminati's Board of Directors.

Messrs. Joseph's and Lazarus' deposition transcripts may be deemed produced or used in the Later Filed Cases.[2] *See* Ex. B. EMK's new counsel refused to participate in a meet and confer on the current motion, asserting that "EMK is not a party to [Defendants'] action[.]"[3] *See* Ex. B.

Accordingly, Defendants file this Motion to Modify Protective Order and ask the Court to allow Defendants to maintain Messrs. Joseph's and Lazarus' deposition transcripts for use in the Later Filed Cases. These deposition transcripts are attached hereto as **Exhibit C** (Joseph transcript) and **Exhibit D** (Lazarus transcript). The transcripts show that Messrs. Joseph's and Lazarus' testimony is clearly relevant to the Later Filed Cases, as they testified concerning, among other issues:



---

[2]   Instead, EMK would only agree to this if Defendants agreed not to seek *any* deposition time from Messrs. Joseph and Lazarus in the Later Filed Cases. *See* Ex. B. Defendants rejected the proposal as unjustified. *See id.*

[3]   EMK's refusal to participate in a meet and confer does not seem consistent with this Court's Local Rules. *See* Local Rule CV-7(h) (requiring personal conference, by telephone or in person, with respect to an opposed motion).

- ▪ ███████████████████████████████████████████;
- ▪ ███████████████████████████
- ▪ ████████████████████████████████
- ▪ ██████████████████.[4]

There is no reason why Defendants should have to destroy these transcripts pursuant to the Protective Order only to have to request them from EMK—a foreign entity—via the Hague Convention in the Later Filed Cases.[5] Simply put, the Court should not countenance Luminati's and its owner EMK's gamesmanship and attempt to drive up Defendants' litigation costs.

For these reasons, Defendants respectfully request that the Court modify the Protective Order to allow Defendants to use Messrs. Joseph's and Lazarus' deposition transcripts in the Later Filed Cases.

---

[4] *See* Ex. C (Joseph Dep. Tr.) at, e.g., 34:9-16, 50:25-56:7, 91:13-92:12, 94:19-95:22, 110:13-111:7, 125:20-127:3, 152:10-153:9, 153:10-14, 171:21-172:24, 176:25-179:19, 182:10-183:7, 191:7-18, 194:3-22, 199:21-24, 206:17-207:8, 225:18-226:3; Ex. D (Lazarus Dep. Tr.) at, e.g., 101:25-103:21, 122:16-123:6, 131:2-133:5, 138:3-12.

[5] EMK, despite owning Luminati, successfully refused to produce any documents in this case. *See* ECF Nos. 134, 149, 194, 260.

Dated: March 4, 2020

Respectfully submitted,

/s/ Craig Tolliver

MICHAEL C. SMITH
  Texas State Bar No. 18650410
  michaelsmith@siebman.com
**SIEBMAN, FORREST,
BURG & SMITH LLP**
113 East Austin Street
Marshall, Texas 75671
Telephone: (903) 938-8900
Telecopier: (972) 767-4620

STEVEN CALLAHAN
  Texas State Bar No. 24053122
  scallahan@ccrglaw.com
CRAIG TOLLIVER
  Texas State Bar No. 24028049
  ctolliver@ccrglaw.com
C. LUKE NELSON
  Texas State Bar No. 24051107
  lnelson@ccrglaw.com
GEORGE T. "JORDE" SCOTT
  Texas State Bar No. 24061276
  jscott@ccrglaw.com
**CHARHON CALLAHAN
ROBSON & GARZA, PLLC**
3333 Lee Parkway, Suite 460
Dallas, Texas 75219
Telephone: (214) 521-6400
Telecopier: (214) 764-8392

*Counsel for Defendants UAB Teso LT
and UAB Metacluster LT*

**CERTIFICATE OF CONFERENCE**

The undersigned certifies that he left voicemails on March 3, 2020 and March 4, 2020 for EMK's counsel, Steven Baeur, but EMK refused to participate in a telephonic meet and confer. *See* Ex. B. Given this, Defendants assume that EMK is opposed to the relief requested in this motion.

To the extent that Luminati has any interest in this motion, the undersigned certifies that he e-mailed Luminati's counsel (including Ronald Wielkopolski, Esq. and Amadou Kilkenny Diaw, Esq.) on March 3, 2020 and March 4, 2020, and left voicemails for Luminati's counsel (Ronald Wielkopolski, Esq. and Amadou Kilkenny Diaw, Esq.) during the morning of March 4, 2020 to attempt to determine Luminati's position on the motion. But, as of this filing, Luminati has not called the undersigned back or communicated its position on this motion.

/s/ Steven Callahan
STEVEN CALLAHAN

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

The undersigned certifies that the foregoing document was filed under seal pursuant to the Court's Protective Order and Local Rule CV-5(7).

/s/ Steven Callahan
STEVEN CALLAHAN

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on March 4, 2020. As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). The foregoing document has also been served on Luminati's counsel, Sunny Cherian, Esq., and EMK's counsel, Steven Baeur, by e-mail on March 4, 2020.

/s/ Steven Callahan
STEVEN CALLAHAN