# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| Luminati Networks Ltd., <br><br> Plaintiff, <br><br> v. <br><br> UAB Tesonet and UAB Metacluster LT, <br><br> Defendants. | Civil Action No. <br> 2:18-cv-00299-JRG <br><br> FILED UNDER SEAL |

### PLAINTIFF LUMINATI'S OPPOSED MOTION FOR SANCTIONS

**TABLE OF CONTENTS**

I. BACKGROUND ........................................................................................................... 1

II. LEGAL AUTHORITY ................................................................................................. 5

III. ARGUMENT ................................................................................................................ 5

   A. Defendant Teso Misrepresented The Resolution Of This Case In The Lithuanian Proceeding, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ And It Should Be Ordered To Correct The Misrepresentations ..... 5

   B. Defendants And Defendants Counsel Should Also Be Prohibited From Future Misleading Disclosures Regarding the Resolution And Defendants' Lithuania Counsel Should Not Be Permitted To Access Luminati's Protected Materials From The Texas Litigation .............. 8

IV. CONCLUSION ............................................................................................................ 8

# TABLE OF AUTHORITIES

**Cases**

*Bead Filters Int'l, LLC v. Christopher Mills & Int'l Filter Sols., Inc.,* Civil Action No. SA-09-CV-105-XR, 2009 U.S. Dist LEXIS 105930 (W.D. Tex. Nov. 12, 2009) .................................. 5

*Cook v. Ochsner Found. Hosp.*, 559 F.2d 270 (5th Cir. 1977).......................................................... 5

*Fleming & Assocs. v. Newby & Tittle*, 529 F.3d 631 (5th Cir. 2008)............................................... 5

*Gonzalez v. Trinity Marine Group, Inc.*, 117 F.3d 894 (5th Cir. 1997)............................................ 5

*Lyn-Lea Travel Corp. v. Am. Airlines, Inc.,* 283 F.3d 282 (5th Cir. 2002)...................................... 5

*Rousseau v. 3 Eagles Aviation, Inc.,* 130 F. App'x 687 (5th Cir. 2005)......................................... 5

*Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.,* 685 F.3d 486 (5th Cir. 2012) .................... 5, 7

**Rules**

Fed. R. Civ. P. 37(b) ......................................................................................................................... 5

Plaintiff Luminati Networks Ltd. ("Luminati") files this motion for sanctions as Defendant Teso LT, UAB ("Teso") continues to misrepresent the resolution of this action, now through a misleading brief filed in the Vilnius Regional Court in Lithuania ███████████████████ ███████████████████████████████████████████████████████████████████████████. Despite being ordered to issue corrective statements in the Court's April 8, 2020 Order (ECF 351), Teso does not even disclose that the parties resolved this action through a confidential settlement agreement. Teso further attempts to legitimize its misleading half-truths through its express reference to its counsel in this case, as well as its use of counsel in the related *Luminati v. Teso* case to file the brief in Lithuania. As Luminati cannot effectively correct the record without itself violating the Protective Order in this case, Luminati respectfully requests all appropriate relief including an order requiring Teso to file a corrective statement and a protective order against future misleading characterizations of the resolution of this action by Teso and its counsel.

I.  **BACKGROUND**

On January 3, 2020, the Parties entered a settlement ("Settlement") of this case on the record under seal, ████████████████████████████████████████████████████████ ██████████████████████████████████████████. ECF 324 at 3:13-5:16. ███ ████████████████████████████████████████████████████████████████████ ███████████████████████ On February 4, 2020, the Court granted an under seal joint stipulation dismissing all claims and counterclaims with prejudice ██████████████████. ECF 332.

Shortly thereafter, Plaintiff learned that Defendants were distributing misleading press releases regarding resolution of the case and filed a Motion for Sanctions. ECF 337. ████ ███████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████████

1



*Id.* at 27:15-20.

*Id.* at 35:9-13. The next day, this Court memorialized its decision from the April 7 hearing and signed an Order (ECF 351, "Order") granting in part the relief sought by Luminati:

> As to Teso's Press Releases, the Court finds that Teso has engaged in intentional misrepresentations and mischaracterizations via half-truths that violated the terms and spirit of the confidential settlement that resolved this case....the Court **ORDERS** Teso to issue a subsequent press release within **seven (7) days** to all persons it previously communicated with about such settlement indicating: that the Court did not make a merits judgment; that the settlement was by mutual agreement entered into freely by both parties; and that the dismissal was merely the procedural means by which the Court carried out the parties' mutual agreement.

Order at 2. (emphasis in original).

In response to the subsequent, still pending, Motion to Enforce (ECF 352), ECF 354-1 at ¶¶ 8-9, 13. Despite the April 8, 2020 Order, Teso in a public July 20, 2020 Reply brief (Ex. A, "Lithuania Reply")[1] filed by claimant Teso in a pending action against defendant Luminati in the Vilnius Regional Court in

---

[1] Exhibit A includes a copy of the original Reply brief along with a certified English translation starting at page 15.

Lithuania, civil case no. e2-461-580-2020 ("Lithuania Proceeding") that includes claims of ▌. Ex. A at ¶ 10.  Without disclosing that this case was resolved through settlement ▌





Ex. A at ¶¶ 13, 23, 54, 58, 68, 69, 74, 75, 77, 78 and 79 (emphasis in original).

In filing this Lithuania Reply, Defendant Teso relied upon their counsel in this case and the related pending case of *Luminati Networks Ltd. v. Teso LT, UAB et al.*, case no. 2:19-cv-00395-JRG ("Tesonet II").[2] 

---

[2] Tesonet II involves the same accused services. All the parties to this case have deemed their discovery produced in Tesonet II and *Luminati Networks Ltd. v. Code200, UAB et al.*, case no. 2:19-cv-00396-JRG ("Tesonet III"), █████████████████████████████████████████████.

■■■■■■■■■■■■■■■■■■

Ex. A at ¶ 81.

## II. LEGAL AUTHORITY

"A district court always has jurisdiction to impose sanctions designed to enforce its own rules, even after that court no longer has jurisdiction over the substance of a case." *Fleming & Assocs. v. Newby & Tittle*, 529 F.3d 631, 637 (5th Cir. 2008). Federal Rule of Civil Procedure 37(b) authorizes sanctions, including contempt, for failure to comply with discovery orders, such as protective orders. *See e.g., Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012); *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 290 (5th Cir. 2002); *Bead Filters Int'l, LLC v. Christopher Mills & Int'l Filter Sols., Inc.*, Civil Action No. SA-09-CV-105-XR, 2009 U.S. Dist. LEXIS 105930 at *3-5 (W.D. Tex. Nov. 12, 2009). In addition to Rule 37, this court also has inherent power to authorize sanctions. *Gonzalez v. Trinity Marine Group, Inc.*, 117 F.3d 894, 898 (5th Cir. 1997); *Cook v. Ochsner Found. Hosp.*, 559 F.2d 270, 272 (5th Cir. 1977) ("Courts have, and must have, the inherent authority to enforce their judicial orders and decrees in cases of civil contempt. Discretion, including the discretion to award attorneys' fees, must be left to a court in the enforcement of its decrees."). The district court has broad discretion to impose sanctions in a civil contempt proceeding. *Rousseau v. 3 Eagles Aviation, Inc.*, 130 F. App'x 687, 689 (5th Cir. 2005).

## III. ARGUMENT

    A. *Defendant Teso Misrepresented The Resolution Of This Case In The Lithuanian Proceeding,* ■■■■■■■■■■■■■■ *And It Should Be Ordered To Correct The Misrepresentations*

5



*See e.g.* Ex. A at ¶ 69

); *see also* Ex. A ¶¶ 13, 23, 54, 58, 68, 74, 75, 77, 78, and 79.

ECF 324 at 4:17-24.

6

*See. e.g.* Ex. A at ¶ 78

); *see also* Ex. A ¶¶ 74, 75.

Ex. A at ¶ 10.

There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby **ORDERED** to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

ECF 351. Given the previous April 8, 2020 Order, *Smith & Fuller*, 685 F.3d 486, 488. Luminati requests that the Court exercise its inherent authority and/or its authority under Rule 37(b) to sanction Teso and grant similar relief ordering Teso to make a

7

corrective statement in the Lithuania Proceeding to correct the record regarding the resolution of this case as well as any other relief the Court deems appropriate.

> B. *Defendants And Defendants Counsel Should Also Be Prohibited From Future Misleading Disclosures Regarding the Resolution And Defendants' Lithuania Counsel Should Not Be Permitted To Access Luminati's Protected Materials From The Texas Litigation*

████████████████████████████████████████████████████████
████████████████████████████████████. *See e.g.* ECF 351, 352. ███
████████████████████████████████████████████████████████
███████████████████████ The Lithuania Reply specifically identified their counsel in this case to substantiate their position. Lithuania Reply at ¶ 81 (████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
███). ████████████████████████████████████████████████
████████████████████████████████. *Id.* at 29.
█████████████████████████████████████████████████ Luminati respectfully requests as an additional sanction that the Court enjoin Defendants against further mischaracterizations of the resolution of this case. ████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
█████████████████████████████ from accessing Restricted – Attorneys' Eyes Only material in this case, Tesonet II, or Tesonet III in the event that he should appear in Tesonet III or be disclosed as a consultant or expert in Tesonet III in the future.

**IV. CONCLUSION**

For the reasons provided above, ███████████████████████████████ ███████████████████████, Luminati respectfully requests that the Court sanction Teso granting any relief as appropriate including ordering Defendants to file a corrective notice in the Lithuania Proceeding notifying the Vilnius Regional Court that (i) this litigation was resolved through a mutual settlement agreement reached between the Parties, (ii) that this Court did not make a merits judgment, (iii) that Teso's claims of non-infringement and invalidity were dismissed with prejudice as well as Luminati's claims of infringement, (iv) that the dismissal was merely the procedural means by which the Court carried out the parties' mutual agreement, and (v) that Teso had previously been sanctioned for making misleading statements regarding the resolution of this action. In addition, Luminati requests that the Court prohibit Defendants and their counsel from disseminating misleading statements and mischaracterizations regarding the resolution of this case. Finally, Luminati requests a protective order prohibiting Teso's counsel in the Lithuanian Proceeding, ████████████████████████████████████████████████, from accessing Luminati's Attorneys' Eyes Only information in this case, Tesonet II and/or Tesonet III.

Dated: August 21, 2020              Respectfully submitted,

                                    By: /s/ Korula T. Cherian
                                    Korula T. Cherian
                                    Robert Harkins
                                    **RuyakCherian LLP**
                                    1936 University Ave, Ste. 350
                                    Berkeley, CA 94702
                                    Telephone: (510) 944-0190
                                    sunnyc@ruyakcherian.com
                                    bobh@ruyakcherian.com

                                    Amadou Kilkenny Diaw
                                    Ronald Wielkopolski
                                    **RuyakCherian LLP**
                                    1901 L St. NW, Suite 700
                                    Washington, DC 20036

Telephone: (202) 838-1560
amadoukd@ruyakcherian.com
ronw@ruyakcherian.com

S. Calvin Capshaw (State Bar No. 03783900)
Elizabeth L. DeRieux (State Bar No. 05770585)
Capshaw DeRieux, LLP
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: 903-845-5770
ccapshaw@capshawlaw.com
ederieux@capshawlaw.com

J. Mark Mann
State Bar No. 12926150
mark@themannfirm.com
G. Blake Thompson
State Bar No. 24042033
blake@themannfirm.com
MANN | TINDEL | THOMPSON
300 West Main Street
Henderson, Texas 75652
(903) 657-8540
(903) 657-6003 (fax)

*Counsel for Plaintiff*
*Luminati Networks Ltd.*

## CERTIFICATE OF SERVICE

    I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 21st day of August 2020, with a copy of this document via electronic mail.

                                   /s/ *Korula T. Cherian*

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that the counsels for the parties have complied with Local Rule CV-7(h).  Ronald Wielkopolski, Betty DeRieux and Mark Mann on behalf of Plaintiff and Steven Callahan and Michael Smith on behalf of Defendant engaged in a telephonic meet and confer on August 21, 2020.  Defendants oppose this motion.

/s/ *Ronald Wielkopolski*

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is being filed under seal pursuant to the Protective Order entered in this matter.

/s/ *Korula T. Cherian*