IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| Luminati Networks Ltd., <br><br>        Plaintiff, <br><br>        v. <br><br> UAB Tesonet and UAB Metacluster LT, <br><br>        Defendants. | Civil Action No. <br> 2:18-cv-00299-JRG <br><br> **FILED UNDER SEAL** |

**PLAINTIFF LUMINATI'S SUR-REPLY IN OPPOSITION TO DEFENDANTS'
MOTION TO DE-DESIGNATE PORTIONS OF THEIR NON-INFRINGEMENT
EXPERT'S REPORT**

**TABLE OF CONTENTS**

I.     **DEFENDANTS HAVE NOT JUSTIFIED THE DISCLOSURE OF PROTECTED MATERIALS IN THE LITHUANIAN PROCEEDING** ........................................................... 1

    A.  Defendants Should Not Be Permitted To Relitigate Its Claims Of Patent Non-Infringement ████████████████████████████████ ...................................................... 1

    B.  Disclosure of Dr. Almeroth's Opinion Necessarily Reveals Underlying Information Even If that Information Is Not Disclosed ...................................................................................... 2

    C.  Luminati Would Be Harmed By Filing Of The Flawed Almeroth Report In The Lithuanian Proceeding ................................................................................................................................. 3

    D.  Permitting Disclosure of Other Protected Materials Does Not Undo The Harm Disclosed By Relitigating The Patent Infringement Issue Before The Lithuanian Court ..................... 3

II.    **CONCLUSION** ..................................................................................................................... 4

Defendants should not be permitted to improperly use confidential material from this settled lawsuit to re-litigate their patent non-infringement ███████████████ ███████—in the Lithuanian Proceeding.  They should particularly not be permitted to present a one-sided story to do so by selectively seeking to de-designate only materials helpful to Defendants.  ████████████████████████████████████████

████████████████████████████████████████████████████

████████  Dr. Almeroth represented that his opinions and conclusions were based on Luminati protected material, and Defendants cannot avoid violating the Protective Order by summarizing rather than quoting from this material.

I.    **DEFENDANTS HAVE NOT JUSTIFIED THE DISCLOSURE OF PROTECTED MATERIALS IN THE LITHUANIAN PROCEEDING**

  A.  *Defendants Should Not Be Permitted To Relitigate Its Claims Of Patent Non-Infringement* ███████████████████████████████████████.

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████.

Yet, ████████████████████████████████████████████

████████, Defendants' motion is made specifically to relitigate the same issue in the Lithuanian Proceeding.  They plan to do this by disclosing their expert's opinions and conclusions based on the protected material he had access to.  Reply at 1.  ████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████  *See e.g.* ECF 378 at 3; ECF 368.   There

is no question that this narrative is false. ECF 324 at 3:13-5:16. It is completely improper to ask the Lithuanian Court to rule on the merits regarding U.S. patent non-infringement claims which were already dismissed by this Court. The Lithuanian Court does not have the expertise in U.S. patent law possessed by this Court nor the record from this case on which to issue such a ruling. Furthermore, the Lithuanian Court there will not have access to all the materials that were submitted in this case. ██████████████████████████████████████████

██████████████████████████████████████████ ECF 368-2 at ¶

10. Defendants should not be permitted to ████████████████████████████████

████████████████████████████.

### B. Disclosure of Dr. Almeroth's Opinion Necessarily Reveals Underlying Information Even If that Information Is Not Disclosed

It is not necessary for an expert to expressly quote from confidential documents in order to disclose confidential information. Reply at 2. Defendants admit that Dr. Almeroth discloses his "conclusions and opinions" of non-infringement and that his opinion cited Luminati Protected Material, including but not limited to Luminati's infringement contentions. Reply at 2. Defendants assert that such opinions are not protected because Almeroth does not quote from the Protected Material, but this is wrong.

By presenting an opinion or conclusion based in his reliance on such documents, an expert reveals confidential information, the disclosure of which would be a violation of the Protective Order. ECF at 39 at ¶ 7 ("Any such copies, duplicates, **extracts, summaries or descriptions** shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order" (emphasis added)). For example, an expert report can disclose an opinion that a company is bankrupt without disclosing the specific underlying confidential financial information. Obviously, the disclosure of such an opinion can cause harm to the subject party even if the

underlying confidential financial information is not disclosed.  This is particularly true where the opinion is disclosed in a forum that lacks the context and experience to accurately evaluate the information.

Similarly, Dr. Almeroth's opinion and conclusions of non-infringement based on Luminati protected materials would also violate the Protective Order.  The Report should not be permitted to be used in the Lithuanian Proceeding.

C. *Luminati Would Be Harmed By Filing Of The Flawed Almeroth Report In The Lithuanian Proceeding*

Luminati would be harmed by the disclosure of the Almeroth Report in the Lithuanian Proceeding.  It is irrelevant that Defendants plan on filing the Almeroth Report under seal.  Under the Protective Order, "Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action or in a Related Proceeding to the extent authorized by the PTAB, and shall not be used for any other purpose."  ECF 39 at ¶ 7.  Misusing the Protected Material in the Lithuanian Proceeding violates the Protective Order and causes harm to Luminati that the Protective Order is intended to prevent.  ████████████████████

████████████████████   █████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

██████.  Defendants' intended use of the flawed Almeroth Report to support this false narrative would create specific prejudice and associated harm to Luminati in this foreign proceeding.

D. *Permitting Disclosure of Other Protected Materials Does Not Undo The Harm Disclosed By Relitigating The Patent Infringement Issue Before The Lithuanian Court*

Defendants concede that their one-sided submission to the Lithuanian Court would be prejudicial, agreeing to allow disclosure of other contrary evidence showing that the Almeroth

Report is flawed. Reply at 4. ████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

███████████████████ ██████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

████████████████████████████████.

     Were the Almeroth Report permitted to be filed in the Lithuanian Proceeding, this contrary

evidence should also be filed. ████████████████████████████████████████

████████████████████████████████████████████ ██████████████████████████████

██████████████████████████. ██████████████████████████████████████████████

████████████████████████████████████████████████

## II.    CONCLUSION

     For the reasons provided above, Defendants Motion should be denied.  However, in the alternative, if Defendants are permitted to disclose the Almeroth Report in the Lithuanian Proceeding, then Luminati respectfully requests that the Court authorize the disclosure of other Protected Material in the Lithuanian Proceeding including unredacted versions of (a) Defendant's interrogatory responses, (b) Dr. Almeroth's deposition testimony, (c) the Motion to Strike the Testimony of Dr. Almeroth (ECF 212), and (d) the Rhyne Report.

Dated: September 21, 2020

Respectfully submitted,

By: */s/ Korula T. Cherian*
Mark Mann
Mann | Tindel | Thompson
300 West Main
Henderson, TX 75652
Telephone: 903-657-8540
mark@themannfirm.com

4

Korula T. Cherian
Robert Harkins
**RuyakCherian LLP**
1936 University Ave, Ste. 350
Berkeley, CA  94702
Telephone: (510) 944-0190
sunnyc@ruyakcherian.com
bobh@ruyakcherian.com

Amadou Kilkenny Diaw
Ronald Wielkopolski
**RuyakCherian LLP**
1901 L St. NW, Suite 700
Washington, DC 20036
Telephone: (202) 838-1560
amadoukd@ruyakcherian.com
ronw@ruyakcherian.com

S. Calvin Capshaw (State Bar No. 03783900)
Elizabeth L. DeRieux (State Bar No. 05770585)
**Capshaw DeRieux, LLP**
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: 903-845-5770
ccapshaw@capshawlaw.com
ederieux@capshawlaw.com

*Counsel for Plaintiff*
*Luminati Networks Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 21st day of September 2020, with a copy of this document via electronic mail.

/s/ Korula T. Cherian

5

## <u>CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL</u>

I hereby certify that the foregoing document is being filed under seal pursuant to the

Protective Order entered in this matter.


/s/ *Korula T. Cherian*