**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| LUMINATI NETWORKS LTD., § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> UAB TESONET, UAB METACLUSTER § <br> LT, § <br> § <br> *Defendants*. § | CIVIL ACTION NO. 2:18-CV-00299-JRG |

**ORDER**

Before the Court are two motions filed by Plaintiff Luminati Networks Ltd. ("Plaintiff") and Defendants UAB Tesonet and UAB Metacluster LT (together, "Defendants"). For the reasons stated herein, the Court **DENIES** Plaintiff's Motion for Relief from Defendants' Non-Compliance with This Court's Order ("Plaintiff's Motion") (Dkt. No. 352) and **GRANTS** Defendants' Motion to Allow Defendants Employees to Review April 7, 2020 Sealed Transcript Under the Protective Order ("Defendants' Motion") (Dkt. No. 360).

**I.   PLAINTIFF'S MOTION**

Plaintiff first seeks sanctions and a finding of contempt, arguing that Defendants have failed to comply with the Order issued by the Court at the April 8, 2020 hearing. (*See generally* Transcript, Dkt. No. 350; Order, Dkt. No. 351). Plaintiff contends that Defendants have violated the Court's Order because five websites[1] still display Defendants' original press release. The Court disagrees. Defendants were ordered to undertake "corrective action" by way of a curative press release. Defendants appear to have complied with the Court's Order. Defendants cannot force any

---

[1] Four of the websites are still live.

independent media outlets to remove what was already posted. (*See* Transcript, Dkt. No. 350 at 40:3–4 ("I deny Luminati's request for entry of a gag order.")).

Plaintiff also request that Defendants' list of recipients of affirmative statements be produced to Plaintiff's in-house representatives. Defendants' timely produced this list to Plaintiff's counsel designated "RESTRICTED – ATTORNEYS' EYES ONLY." Defendants have therefore complied with the Court's Order. The purpose of this list was to allow Plaintiff's counsel to police compliance with the Court's Orders. As counsel is responsible for interfacing with the Court and policing compliance, the Court sees no legitimate reason why Plaintiff's in-house representatives would need to view this list.

For these reasons, the Court is persuaded that Defendants complied with its earlier Orders. Plaintiff's Motion is **DENIED**.

## II. DEFENDANTS' MOTION

Defendants separately move for leave to allow their employees to view portions of the sealed transcript from the April 7, 2020 hearing. Plaintiff objects and proposes several redactions, which Defendants oppose. The Court has seen no compelling reason why Defendants' employees should not be permitted to view the portions of the transcript in dispute. Therefore, Plaintiff's objections are **OVERRULED** and Defendants' Motion is **GRANTED** as follows:

It is **ORDERED** that Defendants have leave to show selected employees the April 7, 2020 hearing transcript without Plaintiff's proposed redactions. The transcript shall be treated as "confidential" under the protective order (Dkt. No. 39), and shall otherwise remain sealed and unavailable to the public. Additionally, any employees of Defendants who will be shown such portions of the transcript shall sign the undertaking attached as Appendix A to the protective order and shall agree to be bound by the same. (*See* Dkt. No. 39, App'x A).

**So ORDERED and SIGNED this 26th day of August, 2021.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE